MOFFATT COMMISSION COMPANY, Appellant, v. UNION PACIFIC RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, June 5, 1905.

1. COMMON CARRIERS: Negligence: Act of God: Probable Damage. To relieve a carrier from liability by reason of the act of God such act must be the sole cause of the loss or injury; and whenever the carrier's negligence mingles with the act of God as a co-operative cause, he is liable; *provided* the resulting loss is within the probable consequences of the negligent act, otherwise, the act will be too remote and disconnected to be considered the proximate cause.

2. ———: Contract: Act of God: Probable Damage. The consequences of a breach of contract for which a carrier will be liable must be such as were, or should have been, in the contemplation of the parties, a probable result of such breach.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Harkless, Crysler & Histed* for appellant.

(1) The court erred in entering judgment in favor of the defendant in the case. (2) The court erred in giving the declarations of law requested by the defendant.

*N. H. Loomis* and *I. N. Watson* for respondent.

(1) Defendant had no reason to apprehend that the flood would reach the cars located where they were on May 29. Hence there is no ground of negligence shown in not delivering the cars to the Hannibal & St. Joe Ry. Co., for shipment, as directed. (2) Mere delay, unless it is for an unreasonable time, does not constitute negligence. The defendant must know, or must reasonably apprehend, that the delay or exposure of the property would naturally, or probably, result in loss or damage to the goods in its possession. The chief element that constitutes negligence is that the carrier ought to have reasonably apprehended that delay and exposure would produce damage to the property in its possession. Clark v. Railway, 39 Mo. 184; Wolf v. Express Co., 43 Mo. 421; Reed v. Railroad, 60 Mo. 199; Pruitt v. Railway, 62 Mo. 527; Davis v. Railway, 89 Mo. 340; Davis v. Railway, 13 Mo. App. 453; Associations v. Talbot, 141 Mo. 674; Ray on Negligence of Imposed Duties, pp. 133, 134. (3) The mere delay of one day was not concurring negligence, which, combined with the act of God in producing the injury. The act of God was of such an overwhelming and destructive character, that independent of any negligence on the part of the defendant, it would have produced the same results, and in such case the defendant would not be liable. Colman v. Railway, 36 Mo. App. 491; Railway v. Columbia, 65 Kan. 790; Gillespie v. Railway, 6 Mo. App. 559; Brash v. St. Louis, 161 Mo. 438; Henry v. Railway, 70 Mo. 288; Herr v. Lebanon, 149 Penn. St. 222, 16 L. R. A. 106; Sowles v. Moon, 63 Vt. 322, 21 L. R. A. 723.

ELLISON, J.—This action is to recover damages by reason of the negligence of defendant in delaying the delivery of two cars of wheat whereby they were destroyed by a flood of such unprecedented character as to be admitted to be an act of God. The judgment in the trial court was for the defendant.

It appears that two cars of wheat were shipped by different persons over defendant's road to Kansas City, Missouri. That one car was consigned to the Murphy Grain Company and the other to the Benton Grain Company. Each of these companies had samples of the grain on May 28, 1903, at the board of trade. Plaintiff bought the wheat from these samples on that day and ordered the grain companies to send the cars to the yards of the Hannibal and St. Joseph Railroad Company. It is a matter of dispute as to what time in the afternoon of the 28th the defendant got the order. It was the custom of the company, and perhaps the expectation of parties dealing with it, to "card" such cars for transfer next day, when the order was given before four o'clock the preceding afternoon. If the order was given after four o'clock it could not be carried out until the second day. The cars could have been transferred the next day (the 29th) after the order given at the board of trade, but on the next day (the 30th) the great flood of 1903, caused by the overflow of the Missouri and Kansas rivers, suddenly advanced to such unprecedented stage as to make it impossible to move the cars, and it finally reached such height as to practically destroy the grain. Plaintiff does not claim that the cars could have been moved on or after the 30th, but bases its right to recover solely on the charge that defendant was negligent in not transferring them on the 29th.

1. In view of our conclusions as to the law of the case, we will assume that defendant got the order to transfer the cars from its track to the yards of the Han-

nibal company in time on the afternoon of the 28th to have made the transfer, in usual course of such business, on the 29th, and that in not doing so it was guilty of negligence. Is the defendant liable on account of such negligence for a loss occasioned by the act of God?

It is generally stated to be the rule of law, and it is so held in this state, that where there is negligence concurring with the act of God, and but for such negligence the injury would not have occurred, the person guilty of the negligence would be liable. [Davis v. Railway, 89 Mo. 340; Pruitt v. Railway Co., 62 Mo. 540; Coleman v. Railway Co., 36 Mo. App. 476.] But the injury must not be too remote. It must be a natural and probable consequence of the negligence. That is to say, the injury must have some natural connection with the negligence in the probable course of affairs. [Holwerson v. Railway, 157 Mo. 231; Am. Brewing Co. v. Talbot, 141 Mo. 674.] If the injury, as a consequence of the negligence, is beyond the usual experience and expectation of mankind, there ought not to be a liability. It would not be improper to ask the question: What are the probable consequences which might happen from the neglect? not what are the *possible* consequences. [Stone v. Railway Co., 171 Mass. 536.] In Scheffer v. Railway, 105 U. S. 249, Scheffer was injured through the negligence of the railway company, so that he became insane and committed suicide. It was held that the death in that manner was not the natural and probable consequence of the negligence and could not reasonably have been foreseen or expected.

It might be negligence to delay putting certain goods under shelter in the month of July to protect them from rain or thieves; but if left out and the unheard of occurrence (in this climate) of a freeze at that season was to occur and destroy them, could there be any natural connection between the neglect and the loss? And so it has been held in this State that where the carrier negligently

delayed the transportation of goods, so that the public enemy came upon him and took them from him, he was not liable; it not being shown that he knew of the presence of the hostile force. [Clark v. Railway Co., 39 Mo. 184; Ballentine v. Railway, 40 Mo. 491.] The same principle is announced in an interesting case in Pennsylvania: Morrison v. Davis, 20 Pa. St. 171. And in Denny v. Railway Co., 13 Gray 481, which, as in this case, was where a flood injured goods which would not have been exposed but for the carrier's delay, yet he was held not liable. And so in the like case of Railroad Co. v. Reeves, 10 Wall. 176. In Morrison v. Davis, supra, the court after stating that one is only liable for the natural and proximate results of his negligence, gives this illustration: "A blacksmith pricks a horse by careless shoeing; ordinary foresight might anticipate lameness, and some days or weeks of unfitness for use, but it could not anticipate that by reason of the lameness the horse would be delayed in passing through a forest until a tree fell and killed him, or injured his rider; and such injury would not be a proper measure of the blacksmith's liability." And (borrowing the idea from an illustration in counsel's brief) if a train should for two hours be negligently delayed in leaving a station and meantime a storm should arise and lightning strike a car and destroy property, the carrier would not be liable. The result would be beyond natural expectation, not within the thought or foresight of any one, altogether fortuitous and disconnected from the negligent act of delay.

So, the rule may be stated to be this: the act of God must be the sole cause of the loss or injury; and whenever the negligence of the carrier mingles with the act of God as a co-operative cause, he is liable: *provided,* the resulting loss is within the probable consequences of the negligent act; otherwise, it will be too remote and disconnected to be considered the proximate cause. As

is said in St. Louis v. Ins. Co., 139 U. S. 237, it would be considered, "simply as one of a series of antecedent events without which the loss could not have happened." If, as said in Wolf v. Express Co., 43 Mo. 421, the act of God might have been avoided by foresight or diligence (with reference, of course, to such act), then there is liability: it follows that, if there was no notice or expectation of such visitation of God, there is no liability, for, in such case, there is no concurrent negligence at time and place. The immediate injury and result in this case was occasioned by the sudden great and unprecedented flood of 1903. It was a result almost altogether out of the course of nature. Its like had probably not occurred in the memory of anyone living. Loss from such a cause was wholly unlooked for and was not to be expected, or even taken into consideration by the most cautious.

2. So, if we should regard the case as one arising from a breach of the contract to transfer the freight from one yard to another for delivery to the assignee of the consignee, the result would be the same. The consequences of a breach of contract must be such as were, or should have been, in the contemplation of the parties as a probable result of the breach. [Hyatt v. Railway, 19 Mo. App. 287, 300; Pruitt v. Railway, 62 Mo. 527; Mendock v. Railway, 133 Mass. 15; Walsh v. Railway, 42 Wis. 34; Hobbs v. Railway, 10 Law Rep. (Q. B.) 111.] In the last case it is said:

"What infinite difficulty there would be in attempting to lay down any principle or rule which shall cover all such cases; but I think that the nearest approach to anything like a fixed rule is this: that to entitle a person to damages by reason of a breach of contract, the injury for which compensation is asked should be one that may be fairly taken to have been contemplated by the parties as the probable result of the breach of the contract. Therefore, you must have something immediately flowing out of the breach of contract complained of,

something immediately connected with it, and not merely connected with it through a series of causes intervening between the immediate consequence of the breach of contract and the damage or injury complained of."

ARCHIBALD, J., in the same case expressed his view in the same way: "I concur in the observations which have been made by my lord and my learned brothers; and I would only add, without expressing anything in the form of a rule, that, in case of breach of contract, the party breaking the contract must be held liable for the proximate and probable consequences of such breach, that is, such as might have been fairly in the contemplation of the parties at the time the contract was entered into."

Since the foregoing was written, an opinion by Judge GOODE in the case of Grier v. Railway, 108 Mo. App. 565, has been reported, in which we find support for what we have said in the first division herein.

Approving the view taken by the trial court, we affirm the judgment. All concur.