LIGHTFOOT & SON, Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, October 7, 1907.**

1. **COMMON CARRIERS: Act of God: Flood of 1903: Concurring Negligence.** On the evidence it is held that the flood of 1903 at Kansas City was an act of God, and that the defendant in regard to a carload of eggs was not guilty of concurring negligence, since its delay was a remote cause only and the flood the immediate cause, which could not reasonably have been anticipated.

2. ———: **Damage: Sale.** Held that damaged eggs were sold for their reasonable value.

3. ———: ———: **Shipper's Agency: Carrier's Duty.** The carrier should make reasonable effort to minimize the loss in damaged property, but the fact that it may hire the shipper to take care of the damaged property, instead of a stranger, will not make it liable for damages for which it is not otherwise liable.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

REVERSED.

*L. F. Parker, Hunt C. Moore* and *I. P. Dana* for appellant.

The court should have directed a verdict for defendant because (1) there was no evidence that defendant was in any respect negligent with regard to plaintiff's freight, and (2) the undisputed testimony showed that the proximate cause of damage to the eggs was an act of God — the unprecedented flood of 1903. Moffatt Company v. Railway Co., 113 Mo. App. 549; Woolsey Co. v. Railroad, 113 Mo. App. 651; Lamar Mfg. Co. v. Railroad, 117 Mo. App. 453; Empire & Co. v. Railroad, 135 Fed. 135, 147 Fed. 457; Rodgers v. Railroad, — (Kan.) —.

*Joseph S. Rust,* for respondents, filed argument.

JOHNSON, J.—Action to recover damages alleged to have been caused by the negligent delay of defendant, a common carrier, in the transportation of a car of eggs shipped by plaintiffs from Ash Grove, Missouri, to Chicago. The answer, in addition to a general denial, contains an averment that the injury to the property was the direct result of an act of God. At the close of the evidence, defendant's request for a peremptory instruction was refused and the case was submitted to the jury on the theory that the evidence afforded room for a reasonable difference of opinion on the issue of the proximate cause of the injury. That issue was resolved in favor of plaintiffs who recovered judgment from which defendant prosecutes this appeal.

The evidence most favorable to plaintiffs tends to show that in the course of transportation the car arrived at Kansas City early in the morning of May 30, 1903, over defendant's road, and should have been delivered to the connecting carrier during that day in time to depart on an evening train for Chicago, but that defendant neglected to make such delivery and early the next morning, a great flood inundated its yards in Kansas City, partly submerged the car and greatly damaged the eggs.

The facts before us are similar in essential particulars to those considered in the case of Moffatt Commission Co. v. Railroad, 113 Mo. App. 544, and for the reasons expressed in that case and in the later cases of Pinkerton v. Railroad, 117 Mo. App. 288, and Lamar Mfg. Co. v. Railroad, 117 Mo. App. 453, we find no difficulty in reaching the conclusion that the negligence, if any, of defendant in delaying the car at Kansas City, was but a remote cause of the injury, the direct cause being the flood which appeared so suddenly and with such magnitude and force that its advent could not be anticipated nor its consequences averted by the exercise of human care and foresight. Plaintiffs vainly

endeavored to establish negligence on the part of defendant which cooperated with this act of God by drawing from its officers who testified as witnesses the admission that they knew from newspaper reports the watershed of the Missouri and Kansas rivers had been, and was, receiving extraordinary rainfall, that both rivers were greatly swollen and that their waters were expected to continue to rise. But, to say from these facts (as we must to sustain the judgment), that defendant, in the exercise of care should have anticipated the suddenness and magnitude of the flood which swept down the Kansas river and, in a few hours, covered its wide valley with water over ten feet in depth, would be to hold defendant to the exercise of a degree of care with respect to this car of eggs beyond that to be expected of the most careful and prudent persons. It is a matter of common knowledge that the people whose homes were in the path of the flood and those engaged in the numerous activities located in that area were so completely surprised by the visitation that many lives were endangered and property of enormous value destroyed. The warning was so brief that very little property was removed to places of safety before the disaster befell.

The principles applicable to the present situation have been so fully discussed in the cases to which we have referred and in other recent cases (Grier v. Railway, 108 Mo. App. 565; Rodgers v. Railroad, 88 Pac. 885; Cattle Co. v. Railroad, 135 Fed. 135; 147 Fed. 457), that we deem it unnecessary to give them an extended discussion here. There was no issue of fact to submit to the jury, and the learned trial judge erred in not sustaining the demurrer to the evidence.

It further appears from the evidence that while the flood was at its height, one of the plaintiffs came to Kansas City and took charge of the eggs under an agreement with defendant's agent to handle them for

the account of defendant. He carried ice to the car in boats to preserve the property until it could be sold and, when sales were made, carried the eggs to shore by boat. In this way, the full value of the property in its damaged condition was realized.

We do not agree with the argument of plaintiffs that the authority thus given by defendant's agent to plaintiffs affected the rights of the parties by serving to create a liability on the part of defendant to make good the loss suffered. It was the duty of defendant to do all in its power to minimize the loss. The property being of a highly perishable nature, already damaged, and in a situation where the car could not be moved for some time, the only thing that could be done to save anything out of it was that which was done. Defendant would have been justified in employing a stranger to the transaction to preserve and sell the eggs for its account, and there is no reason for holding it liable because it thus employed one of the plaintiffs instead of a stranger.

It follows that the judgment must be reversed. All concur.