LAMAR MANUFACTURING COMPANY, Respond-
ents, v. ST. LOUIS & SAN FRANCISCO RAIL-
ROAD COMPANY, Appellant.

**Kansas City Court of Appeals, May 4, 1908.**

**COMMON CARRIERS: Extraordinary Floods: Demurrer to Evi-
dence.** Upon consideration of additional facts adduced on a
second trial the court finds as on the first appeal that to hold
the defendant liable for the extraordinary floods would require
them to exercise a prescience more divine than human.

Appeal from Barton Circuit Court.—*Hon. J. B. John-
son,* Judge.

REVERSED.

*L. F. Parker, W. F. Evans* and *Woodruff & Mann*
for appellant.

(1)   The court erred in refusing to peremptor-
ily instruct the jury to find for defendant at the close
of all the evidence in the case.    Manufacturing Co. v.
Railroad, 117 Mo. App. 453; Moffatt Com. Co. v. Rail-
road, 113 Mo. App. 544; Woolsey-Stahl Hay Co. v. Rail-
road, 113 Mo. App. 651.

*Cole, Burnett & Moore* for respondents.

(1)   The loss of these goods in the flood of 1903
is no defense, if defendant's negligence concurred there-
in.    Long ago the Supreme Court declared, and the
doctrine has been repeated in many later cases, that a
common carrier is an insurer and held to a very strin-
gent responsibility, and "therefore, although the loss
occurs by the act of God or the public enemies, yet, if
it might have been avoided by skill and diligence at the
time, the carrier is liable."    The act of God must be the
sole cause.    Wolf v. Express Co., 43 Mo. 421; Read v.
Railroad, 60 Mo. 206; Pruitt v. Railroad, 62 Mo. 542;
Vail v. Railroad, 63 Mo. 230; Davis v. Railroad, 89 Mo.

340; Newcomb v. Railroad, 169 Mo. 427; Armentrout v. Railway, 1 Mo. App. 158; Grier v. Railroad, 108 Mo. App. 570; Prince v. Compress Co., 112 Mo. App. 49; Com. Co. v. Railroad, 113 Mo. App. 544; Pinkerton v. Railroad, 117 Mo. App. 288; Manufacturing Co. v. Railroad, 117 Mo. App. 458; Standley v. Railroad, 121 Mo. App. 545; Warehouse Co. v. Railroad, 124 Mo. App. 561.

JOHNSON, J.—This case was here on a former appeal and was reversed and remanded on the ground that the evidence introduced by plaintiff was not sufficient to take to the jury as an issue of fact the alleged negligence of defendant. [117 Mo. App. 453.] The reported opinion may be consulted for a statement of the facts appearing in the record. At the second trial, the same evidence was introduced and, in addition, other facts were brought out by plaintiffs which the learned trial judge deemed adequate to warrant the submission to the jury of the question of defendant's negligence. The jury returned a verdict for plaintiffs and the cause is before us again on the appeal of defendant.

We are of opinion that defendant's request for an instruction peremptorily directing a verdict in its favor should have been given. The new facts adduced by plaintiffs, in substance, are as follows: Two of the railroad companies having yards in the West Bottoms at Kansas City began on Saturday, May 30, 1903, to move freight out of the lowland in anticipation of a possible inundation of their tracks. But it appears these operations were prosecuted in areas which the slowly rising waters began to invade on Saturday, and that no one thought on that day that the flood would so suddenly increase to a volume sufficient to submerge the higher bottom levels under some eight or ten feet of water, as it did that night and the following day, nor

was there any intimation in the reports sent out by the United States Weather Bureau of the coming of a flood so extraordinary. The report published that morning was as follows:

"May 30, 1903.

"Stage of Missouri at 7 a. m., at Kansas City, 25.0 and still rising. This is more serious than the flood of 1892 and only about one foot below the stage of 1881. Heavy rains in Missouri and Eastern Kansas last night render the situation more alarming for points below Kansas City."

Saturday night the water which had risen slowly began to rise very rapidly and during Sunday attained a height of thirty-five feet, an increase of ten feet. The great flood came from the Kansas river and its approach was not known to the officers of the weather bureau nor to anyone else on Saturday. When we consider that defendant's freight depot was on the highest level in the bottoms and was not reached by the water until the advent of the great flood and that the thousands of people who lived, or were engaged in business, in the West Bottoms were so completely surprised that no property of any consequence was saved and many persons barely escaped with their lives, we could not believe that defendant's officers and employees were negligent in failing to anticipate that an overwhelming volume of water might suddenly sweep down the river, without attributing to them a prescience more divine than human. There is no room for a difference of opinion among reasonable minds respecting the facts under consideration and they present no issue of fact for the jury to solve. We refer to the following opinions of this court for a more complete expression of our views concerning the principles applicable to cases of this character: Commission Co. v. Railroad, 113 Mo. App. 544; Lightfoot v. Railroad, 126 Mo. App. 532; Lamar Manufacturing Co. v. Railroad, 117 Mo. App. 453;

Pinkerton v. Railroad, 117 Mo. App. 288; and to these cases decided by other courts:    Grier v. Railroad, 108 Mo. App. 565; Rodgers v. Railroad, 88 Pac. 885; Cattle Co. v. Railroad, 135 Fed. 135; 147 Fed. 457.

The judgment is reversed.    All concur.

