## WELLS FARGO & CO. v. PORTER.
### (No. 7901.)

(Court of Civil Appeals of Texas. Dallas. April 13, 1918.)

CARRIERS ⊜119—EXPRESS COMPANY—DAMAGE TO GOODS—UNPRECEDENTED STORM.

An express company is not liable for damages to goods due solely to an unprecedented storm, which could not have been foreseen or anticipated.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Miss Katherine Porter against Wells Fargo & Co. in justice court. There was a judgment for plaintiff in that court, and on appeal to the county court, and defendant appeals. Reversed, and judgment rendered for defendant.

Baker, Botts, Parker & Garwood, of Houston, and Flippin, Gresham & Freeman and Walter G. Miller, all of Dallas, for appellant. W. W. Nelms, Maury Hughes, and El. J. Gibson, all of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant in the justice court for the value of a trunk, containing wearing apparel valued at $175, shipped from Dallas, Tex., to Galveston, Tex., which trunk and apparel were damaged in the storm at Galveston in August, 1915. A judgment was rendered in the justice court for appellee, from which an appeal was taken to the county court of Dallas county at law, where both parties filed written pleading. Appellant answered by general demurrer and general denial, and specially alleged:

"That plaintiff's trunk arrived in Galveston on Sunday morning, August 15, 1915, at about 9 o'clock a. m., and that plaintiff never called for said trunk at any time until on or about the 21st day of August, 1915; that on Monday night, the 16th day of August, 1915, the city of Galveston, Tex., was visited by an unprecedented hurricane, flood, and storm, which proximately caused the damage to plaintiff's trunk and goods, and which unprecedented flood and storm was not and could not have been foreseen or anticipated by appellant. Appellant further alleged in said answer that said storm was unprecedented, in that the water rose higher in the city of Galveston than ever before, and that the wind blew longer and more terrific than at any previous time in the history of Galveston. Appellant further alleged that it did everything possible to protect the plaintiff's trunk and goods from said flood and storm after the appellant became aware of the impending storm, flood, and hurricane."

The case was submitted to a jury on special issues, and upon the jury's answers thereto the court rendered a verdict in favor of plaintiff, from which an appeal is taken by appellant.

The evidence established beyond doubt the verity of the allegation of appellant's answer as to the storm in which the damage was done to appellee's property being unprecedented, and we hold that this case is ruled by the decision in the case of I. & G. N. R. Co. v. Bergman, 64 S. W. 999, and the lower court erred in refusing to give appellant's requested charge to find a verdict for it. See, also, Hunt Bros. v. Railway Co., 74 S. W. 69; Moffatt v. Railway Co., 113 Mo. App. 544, 88 S. W. 117; Grier v. Railway Co., 108 Mo. App. 565, 84 S. W. 158.

No liability of appellant being shown, the judgment is reversed, and here rendered for the appellant.

Reversed and rendered.