26004. WHITTIER MILLS COMPANY *v.* SOUTHERN RAILWAY COMPANY.

STEPHENS, P. J.   1. A carrier is not liable for damage to a shipment of freight from an unexpected and unprecedented flood amounting to an act of God where no negligence of the carrier in handling the shipment in any way contributed to the damage.    Northwestern Consolidated Milling Co. *v.* Chicago &c. R. Co., 135 Minn. 363 (160 N. W. 1028); *Southern Railway Co.* v. *International Vegetable Oil Co.,* 43 *Ga. App.* 489 (159 S. E. 773); Seaboard Air-Line Ry Co. *v.* Mullin, 70 Fla. 450 (70 So. 467, L. R. A. 1916D, 982, Ann. Cas. 1918A, 576); Moffatt Commission Co. *v.* Union Pacific R. Co., 113 Mo. App. 544 (88 S. W. 117).

2. On the trial of a suit by a shipper against a carrier, to recover damages for injury to a shipment of freight, where it appeared from the evidence that the carrier, to whom the plaintiff had delivered the freight for transportation in interstate commerce, unloaded the freight at the carrier's terminal and placed it on a pier for delivery to a connecting water carrier, but, on account of the large number of freight-cars in the train to be unloaded, the delivery of the freight was delayed and the freight was not unloaded on the pier until five minutes after the last boat calling at the pier on that date to pick up freight had left, and it was necessary for the shipment to lie over until the next day, to be picked up by a boat calling at the pier; and where, about nine or ten o'clock at night after the shipment had been placed on the pier, a storm came up which caused the tide to rise considerably, but where the carrier, through its agent in charge of the freight terminals at the pier, appraised the situation, and concluded that there was no danger of the shipment being engulfed by the rising tide while on the pier, and failed to move the shipment and permitted the carrier's laborers to disperse, and during the night the tide receded, but the next morning about nine o'clock, and before a boat called at the pier, the tide returned suddenly, without warning, as a result of the

continuation of the storm, and rapidly rose and came over the pier and engulfed the shipment on the pier and damaged it, where the pier had been built and used for about thirty years and no tide had ever before arisen and covered the pier, and, while warnings of the approach of the storm had been given by the weather bureau in the locality, there was nothing that would give any intimation to the public that the storm would be of unprecedented violence or more severe than other storms which had occurred in that vicinity, and no warning was given which would indicate that the tide would rise to an unprecedented height, and the tide which engulfed the shipment rose more rapidly than normally after midnight, and did not rise at such rate as to give any intimation that it would exceed any previous record until the tide actually engulfed the pier, the inference was authorized that the damage to the goods by the tide resulted solely from a sudden and unprecedented storm and the rising of the tide over the pier, which constituted an act of God for which the carrier was in no way responsible, and that no negligence of the carrier, either by delay in the delivery of the shipment at the pier, or in a failure to move the shipment, or otherwise, proximately contributed to the damage. The verdict for the defendant was authorized by the evidence. Empire State Cattle Co. v. Atchison &c. Ry. Co., 135 Fed. 135; Northwestern Consolidated Milling Co. v: Chicago &c. R. Co., supra; Herring v. Chesapeake &c. R. Co., 101 Va. 778 (45 S. E. 322); Railroad Co. v. Reeves, 10 Wall. (U. S.) 176 (19 L. ed. 909); International &c. R. Co., v. Bergman (Texas Civ. App.), 64 S. W. 999; Lamar Mfg. Co. v. St. Louis &c. R. Co., 117 Mo. App. 453 (93 S. W. 851).

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 17, 1937.

*Joseph J. Hopkins, W. George Thomas,* for plaintiff.
*Neely, Marshall & Greene, W. O. Wilson,* for defendant.