IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF JANUARY 16, 1873.

1. A new county for judicial purposes only cannot be formed in any county already established.

2. The boundary lines of a county may be changed by a two-thirds vote of both houses of the Legislature.

3. A new county, with all the rights and privileges of a county, cannot be created under the Constitution.

EXECUTIVE OFFICE,
Tallahassee, Fla., Jan. 16, 1873.

SIR—I have the honor to transmit to you the enclosed communication which I have received from the Clerk of the Assembly, notifying me of the passage by the Legislature of a Joint Resolution requesting me "to ascertain the opinion of the Supreme Court as to whether or not, under the Constitution of this State, a new county for Judicial purposes only can be formed in any county already established; whether or not county lines can be changed without an amendment to the Constitution; and whether or not a new county, with all the rights and privileges of a county, can be created without an amendment to the Constitution," and to request, in conformity with the constitutional provision, the opinion of the Supreme Court upon the question proposed.

Very respectfully,

O. B. HART,
*Governor.*

Hon. E. M. RANDALL,
*Chief Justice Supreme Court.*

SUPREME COURT ROOM, }
Tallahassee, Fla., Jan. 24, 1873. }

His Excellency O. B. HART,

           Governor of Florida :

SIR—By your communication of the 16th, you require our opinion upon three questions :

First. Whether under the Constitution of this State a new county for judicial purposes only can be formed in any county already established.

Second. Whether county lines can be changed without an amendment to the Constitution.

Third. Whether a new county, with all the rights and privileges of a county, can be created without an amendment to the Constitution.

A new county cannot be created for judicial purposes only. It is impossible, from the very nature and incidents of a county organization, that it can exist alone for judicial purposes. If it be a county, it must be embraced within the proper legal definition and description of what constitutes a county. Counties are local subdivisions of a State existing for public purposes, having certain incidents and powers prescribed by the supreme power of the State.

The judicial power exercised within a county is but one incident attaching to a county organization. There are many other incidents which must exist to constitute a county organization.

The Constitution restricts the jurisdiction of the several Circuit Courts to the counties named. It provides that "the several judicial circuits shall be as follows: The First Judicial Circuit shall be composed of the counties of Escambia, Santa Rosa, Walton, Holmes, Washington and Jackson," and so on, describing each circuit by naming the counties which shall constitute it. If a new county is established having a different name from that mentioned in the Constitution, the Circuit Court would have no jurisdiction over such new county. The necessary result of

these views is that the Legislature cannot under the Constitution create a new county for judicial purposes only, nor can it create a new county and extend to such new county the jurisdiction of the Circuit Court.

The territorial subdivisions of a judicial circuit are described as counties in the Constitution. A name is given to each subdivision, and the jurisdiction is necessarily limited to such named subdivisions. A new subdivision constituting a new county could not be the same as that named in the Constitution. It is not within the power of the Legislature to create a new and different county and extend to such new county the jurisdiction of the Circuit Court, as its jurisdiction can neither be enlarged nor diminished by the Legislature. It would require, therefore, an amendment of the Constitution to create a new county with "all the rights and privileges of a county."

Can county lines be changed without an amendment of the Constitution, is the next question which we are required to answer. It is clear that the change of county boundaries does not change the identity of the county whose boundaries are changed. The identity of each is preserved, and the existence of each county, though having a changed boundary, dates from the act creating the county, and not from the act changing the boundary. The Constitution (Sec. 2, Art. XIII.,) provides that all counties shall remain as now organized, unless changed by a two-thirds vote of both houses of the Legislature. This clause in the Constitution occurs in that Article which provides for an enumeration of the inhabitants and an apportionment of the representation, which is to be made in the year 1875. It is, however, in a different section from the section providing for the enumeration.

Is not the boundary of a county a part of its organization within the meaning of this clause? It is unquestionably true that there cannot be a county without a boundary. In organizing a county, that which is first to be done is to de-

fine its boundaries and to mark out the territorial extent and limit of the political subdivision to be designated by the name of the county. A county without boundaries cannot be called an organized county. There can be no such thing. This limitation upon the general power of the Legislature is preceded by a clause prohibiting an entire separation of any two or more counties composing the same Senatorial district. The reasonable conclusion is that it was the intention of the Convention to make permanent the then existing county organizations, and that the distribution of political power made to county organizations under the Constitution should not be altered except by a two-thirds vote of the two houses of the Legislature. To change the boundary lines of two counties would defeat the intention of the framers of the Constitution in this respect. It is our opinion, therefore, that the boundary lines of a county may be changed by a two-thirds vote of both houses of the Legislature without an amendment to the Constitution.

For the Court.

Very respectfully,

JAMES D. WESTCOTT, JR.;

*Associate Justice Supreme Court Florida.*