YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* JACKSON D. MILLSAPS.

1. RAILROADS.  *Loss of goods.  Negligent delay.*

   Although there be negligent delay in the transportation of goods, a common carrier is not liable for an injury to the same from a cause for which he is not otherwise responsible, and which he could not naturally foresee.

2. SAME.  *Case.*

   If a carrier receive property for transportation, and negligently delay carriage, and the same is, in spite of the carrier's best efforts to save the property, destroyed by fire not originating on the carrier's premises and for which it is not responsible, the fire is the proximate cause of loss, and the carrier is not liable therefor.

FROM the circuit court of Claiborne county.

HON. WILLIAM K. MCLAURIN, Judge.

Jackson D. Millsaps, the appellee, was the plaintiff in the court below.   The railroad company, appellant, was defendant there. Millsaps delivered cotton to the railroad company at Carlisle for transportation.   The cotton was received by the company and placed on an open platform, where it was permitted to remain for several days.   A fire originated in the town, breaking out in a house off of the railroad's premises, and with which the defendant company had nothing to do.   In spite of heroic efforts of the railroad company's employes and others, the fire reached the railroad premises and the cotton was destroyed. There was judgment in the court below for the plaintiff for the value of the cotton, and defendant appealed to the supreme court.   Defendant asked a peremptory instruction, which the court below refused.

*Mayes & Harris*, for appellant.

   The fire arose from a source which could not have been

anticipated. The railroad company might have anticipated that the cotton would be in danger from sparks from passing trains, but it was not to be presumed that it would be in danger from other causes, and, especially, from the cause which did result in its destruction. If the company was negligent at all in leaving the cotton on the platform, this was merely the remote cause, and not the proximate cause, of the injury. *Wharf Boat Association* v. *Wood*, 64. Miss., 662.

The case cited is entirely applicable to the case at bar because the railroad company in this instance having entered into a contract relieving itself from liability from fire not caused by its own negligence, or from the loss of the cotton not resulting from its negligence, it must appear that the negligence of the company was the proximate cause of the injury; and, manifestly, in this case, its negligence, if there were any negligence, was the remote cause of the injury. This point has a direct bearing on the first instruction asked by the defendant, which should have been given.

*Martin & Anderson*, for appellee.

The first instruction was peremptory, and was properly refused because there was a conflict of testimony as to whether there was negligence on the part of defendant in storing cotton on the platform for several days, and also because there was conflict in the proof as to whether the defendant used due diligence in attempting to get cars to move the cotton stored on its platform at Carlisle. In fact it was shown by one or two witnesses that the railroad company did not make effort to get sufficient cars.

The case of *Tribette* v. *Railroad Co.*, 71 Miss., 212, declares that it was not negligent in the railroad company to leave cotton on its platform on Sunday, but in this case there is absolute proof that the cotton was left on defendant's platform on the seventh, night of the seventh, the eighth, night of the eighth, the ninth, the night of the ninth, the tenth, the night of the tenth, the eleventh, and the night of the eleventh, when

the fire occurred.    Now, we contend that this was an unusual delay for a highly inflammable article like cotton to be allowed to remain on an unprotected platform, and we further contend that it made out a *prima facie* case of negligence, which is not overthrown by the defendant.

WHITFIELD, J., delivered the opinion of the court.

Going directly to the heart of the matter, the inquiry, on the answer to which this case must turn, is, was the fire, in this particular case, the intervening, independent, proximate cause of the loss, accidental and nonnegligent as to the appellant's employes?    Grant, as we think is shown, that the delay in transportation was negligent, was there any causal connection between such delay as the proximate cause and the loss?    Or was the loss due wholly to a fire purely accidental, as to which fire, in its origin and progress, the appellant was wholly free from blame, the fire being the independent, intervening, proximate cause of the loss?

As to this it is said in Shearman & Redfield on the Law of Negligence (5th edition, 1898), vol. 1, sec. 40, under the head of "Superior force concurring with defendant's delay:" "In the application of this principle, a serious difference of opinion has arisen as to what is a natural sequence of negligence exposing the property of another to injury.    In Pennsylvania, Massachusetts, Ohio, Iowa, Nebraska and Arkansas, as well as in the United States Supreme Court, it is held that, where a carrier, by negligent delay, exposes goods to injury by the act of God, or other cause for which he is not responsible, and which he could not naturally foresee, he is not liable for injuries arising from such a cause, although they would not have affected the goods if he had not negligently delayed their transportation.    This decision is put upon the ground that he could not reasonably have anticipated such a result of his delay, and that for aught he could possibly foresee, promptness might have exposed the goods to the risk quite as much as delay.    In New

York, New Hampshire, Missouri and Tennessee, the very opposite doctrine is firmly settled;'' citing the authorities on both sides.    We observe, curiously enough, the failure of the learned authors to cite in support of the nonliability of the carrier in such case the masterly opinion of Cooper, C. J., in *Wharfboat Association* v. *Wood & Co.*, 64 Miss., 661.    We note that the cases cited for nonliability by the learned authors are those cited and relied on by the counsel for the appellant and the court in 64 Miss., 661.    So that, in this state, the question is settled against the, liability of the carrier in such case.    One of the cases relied on by learned counsel for appellee, *Thomas* v. *Lancaster Mills*, 2 Amer. & Eng. R. R. Cases, 662, is a striking illustration of this very doctrine.    See p. 667, where the court says, citing many authorities: ''This delay'' (of seventeen days) ''was not of itself a proximate cause of the destruction of the cotton by fire.    .    .    .    The negligent delay was, standing alone, a remote, and not a proximate cause, remotely contributing to the injury as an occasion or condition.''    See note to *Morrison* v. *Davis*, 57 Amer. Dec., 701.    The appellant, so far as this record discloses, could not reasonably have anticipated loss from this fire originating half a mile from the depot platform.    It may be that on another trial the appellee may be able to establish facts which would show that the appellant ought to have anticipated probable loss from such fire, and hence was negligent as to that.    And whether it ought to have reasonably so anticipated such fire is, as held in 64 Miss., at p. 678, a question of fact for the jury.    But unless the case of appellee is most materially strengthened on that point, we feel it our duty to say, that the first instruction asked by the defendant, and refused, corrections as to dates touching interest being made, should be given as the full measure of appellee's rights.

*Reversed and remanded.*