BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1909.

---

MERRITT CREAMERY CO., Appellant, v. ATCHI-SON, TOPEKA & SANTA FE RY. CO., Respondent.

**Kansas City Court of Appeals, November 1, 1909.**

1. **COMMON CARRIERS: Act of God: Negligence.** Unprecedented flood at the junction of the Kaw and Missouri rivers was an act of God, and the destruction of freight in transit by such flood would not render a common carrier liable.

2. **COMMON CARRIERS: Knowledge of Impending Danger.** Unless the carrier knew of the approach of a flood of unprecedented character in time to have removed the freight to a point of safety and failed to do so, it is not liable.

3. **CONNECTION BETWEEN NEGLIGENCE AND INJURY.** Though the carrier may have negligently delayed the freight at the point where destroyed, yet unless he knew or should have known of the danger to result from such neglect, he is not liable. [Moffatt v. Railway, 113 Mo. App. 544.]

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

*Allen & Allen* and *Allen, Gabbert & Mitchell* for appellant

(1) The court erred in giving defendant's peremptory instruction, because there was evidence which should have been submitted to the jury, tending to show that the loss was due to defendant's negligence. That defendant's officers and servants knew or could have known of the approach of the flood in time to have saved the goods. Davis v. Railroad, 89 Mo. 347; Pinkerton v. Railway, 117 Mo. App. 288; Railroad v. Beck (Pa.), 11 Am. St. R. 924. (2) The instructions offered by plaintiff and refused by the court correctly stated the law of the case, and correctly applied it to the facts. Smith v. Railroad, 91 Ala. 455, 24 Am. St. R. 929, 5 A. and E. Encyc. Law (2 Ed.), 235. (a) Question of inevitable accident one for the jury. Elliott v. Rossell, 10 Johns. (N. Y.) 1. (b) Burden of proof of inevitable accident on defendant. Railroad v. White, 88 Ga. 805; 55 A. and E. Railroad Cases, 682. (3) The court erred in admitting the testimony of the contents of the statement to prove the location and number of cars in the Argentine yards. 9 A. and E. Encyc. Law (2 Ed.), 878-939; Milling Co. v. Walsh, 108 Mo. 277; Barons v. Brown, 25 Kan. 410.

*Thomas R. Morrow* and *Culver & Phillip* for respondent.

(1) It was established by defendant, and undisputed by plaintiff, that the butter was destroyed by an act of God—the unprecedented flood at Kansas City of 1903. The defendant, therefore, is not liable unless the defendant was guilty of negligence in failing to anticipate the coming of a flood of sufficient volume to submerge the butter in time to have removed it out of danger. The burden of proving such negligence was on the plaintiff, and having failed to offer any substantial evidence in support thereof, the trial court properly refused to submit the issue to the jury. Lamar v. Railway,

117 Mo. App. 453; Lamar v. Railway, 131 Mo. App. 115; Lightfoot v. Railway, 126 Mo. App. 532; Brewing Ass'n v. Talbot, 141 Mo. 674; Moffatt v. Railway, 113 Mo. App. 544; Green v. Railway, 108 Mo. App. 565; Cattle Co. v. Railway, 135 Fed. 135; Rogers v. Railroad, 75 Kan. 222. (2) Even if defendant was negligent in not forwarding the butter in the train of "carloads" that left at 1 p. m. —the last train out of the yards—such negligence was not the proximate cause of the loss, and furnishes no ground for a recovery. Lamar v. Railway, 117 Mo. App. 458; Moffatt v. Railway, 113 Mo. App. 544; Cattle Co. v. Railway, 135 Fed. 135. (3) The court did not err in allowing proof of the record made in the ordinary course of business, even before the flood had subsided, or the car moved to show the location of the car of butter in the defendant's yards at the time of the flood. Milling Co. v. Walsh, 108 Mo. 277; Seligman v. Rogers, 113 Mo. 649; Borgess Inv. Co. v. Vette, 142 Mo. 572.

ELLISON, J.—Plaintiff shipped in one of defendant's cars a consignment of butter from Great Bend, Kansas, to Boston, Massachusetts. The car left Great Bend on the night of May 27, 1903, and arrived in defendant's freight yards near Kansas City on the morning of May 30th, where, ordinarily, the car would be made a part of a train for eastern points. But in this instance the car was not taken out of Kansas City and on the night of May 30th, or during May 31st, the butter was destroyed by a flood. Plaintiff brought this action for damages. The defense was that the flood was an act of God. The plaintiff met this by the contention that defendant knew of the coming of the flood, or by proper diligence should have known it, in time to have taken the butter to a place of safety. At the trial the court gave a peremptory instruction sustaining defendant's case and plaintiff duly appealed to this court.

That the flood here involved was of such unprecedented, terrific and destructive nature as to properly be

designated as the act of God, has been several times determined by this and other courts in cases arising over shipments of freight destroyed or lost in the different railway yards at and near Kansas City. [Moffatt v. Railway, 113 Mo. App. 544; Lamar v. Railway, 117 Mo. App. 453; Lightfoot v. Railway, 126 Mo. App. 532; Empire Cattle Co. v. Railway, 135 Fed. Rep. 135; Rogers v. Railway, 75 Kan. 222.] See also Greer v. Railway, 108 Mo. App. 565, as to the same flood at St. Louis.

But plaintiff insists that defendant had warning of the coming of the water in time to have saved the butter and that it negligently laid by and failed to move the car out of danger. Plaintiff bases much of its case on the law as stated in Pinkerton v. Railway, 117 Mo. App. 288. But in our opinion the facts of this case do not bring it within the rule in the Pinkerton case.

The law applicable here has been recently so fully discussed in the cases above cited that it can serve no purpose to restate it at this time, especially in a case involving the same flood at practically the same place.

Plaintiff's entire case turns on a mere question of fact: that is, did defendant know or could it have known of the coming flood? The Kaw River and the Missouri River meet at Kansas City, the former flowing into the latter. Both rivers were in excessive flood. The Kaw suddenly rose, at Topeka and above, — miles from Kansas City, in addition to its already overflowed banks, and much stress is put upon the knowledge which defendant's officers had obtained by telegraph of the coming of these waters. But it was shown that the amount of rise which these additional waters would have caused at Kansas City would have left plaintiff's butter unharmed in the position in which defendant had placed it. The cause of the great destruction and the overwhelming nature of the flood arose, in great part, from the unexpected volume of water added to the already flooded Missouri. The result of the floods of both rivers joining at Kansas City caused the great de-

struction of property which that catastrophe brought about in such short time that few escaped its fury.

We have examined plaintiff's brief and written suggestions, in connection with the oral argument made when the cause was submitted, and have concluded that the record justified the action of the trial court.

It would not aid plaintiff's case, in practical result, if it should be conceded that defendant may have been negligent in not getting the car out of the freight yards before the destructive part of the flood came. The question is, was it warned of the approach, not merely of a rise in the river, but of the unprecedented flood which carried destruction to all property within its reach. Though a party be negligent in transporting freight, he is not liable for every misfortune which befalls it unless it can be connected with the negligence. This phase of the case was considered and determined in the case of Moffatt v. Railway, *supra*.

We have no other alternative than to affirm the judgment.

All concur.