OF THE

## STATE OF IOWA

AT

### DES MOINES, SEPTEMBER TERM, 1911, AND JANUARY TERM, 1912.

AND IN THE SIXTY-FIFTH YEAR OF THE STATE.

---

PINE BROTHERS v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Railroads: SHIPMENT OF LIVE STOCK: NEGLIGENT DELAY. A railway company is not required to attach a freight car carrying live stock to a passenger train to hasten its delivery; and where it transports the same by its usual freight ·trains on schedule time and there is no evidence that there were faster freight trains by which the destination could have been sooner reached, it is not liable for the death of an animal, the result of sickness, while in transit.

*Appeal from ·Ringgold District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, NOVEMBER 18, 1911.

ACTION to recover damages for injury to property in course of transportation over defendant's road. Judgment for plaintiffs, and defendant appeals.—*Reversed.*

*Spence & Smith* and *Miles & Steele,* for appellant.

*C. J. Lewis* and *V. R. McGinnis,* for appellees.

WEAVER, J.—The appellees purchased a valuable stallion at Bushnell, Ill., and delivered it to the appellant at that place to be shipped to their home at Diagonal, Iowa. The horse, which was accompanied by one of its owners, was taken sick during the trip and died soon after reaching its destination.

The theory of plaintiff's case, as alleged in their petition and presented upon this appeal, is that the transportation was unreasonably and unnecessarily delayed, and that, by reason of such delay and resulting exposure to inclement weather, the horse contracted the disease of which it died. Appellant insists, on the other hand, that there was in fact no material delay, and that the record discloses no evidence on which a verdict charging it with negligence as alleged in the petition can be sustained.

After considerable investigation, we are forced to the conclusion that appellant's contention must be sustained. Bushnell, Ill., and Diagonal, Iowa, are both stations upon the defendant's railway system. The plaintiffs reside at the place last named, but were personally present at Bushnell when the horse was delivered for shipment. The defendant's freight schedules upon which the road was then being operated were so arranged that a car sent out of Bushnell on the afternoon or evening of May 5, 1908, and making all the connections provided for in said schedules, would not arrive in Diagonal until about noon

of May 8th. There is no claim that plaintiffs did not fully understand the time required to make this trip, or that they asked for or received any assurance that the progress of their car could or would be accelerated beyond the rate indicated by the schedules. The shipment was delivered to the defendant about the middle of the afternoon of May 5th. It was accompanied by the plaintiffs, or one of them, and it arrived at its destination substantially on schedule time.

No fault appears to be found by the plaintiffs with the train schedules, but they say that, after discovering signs of sickness in the horse, they applied to the defendant's agents to hasten the transportation by attaching the car to a passenger train or otherwise, and that such requests were not granted. We think there are obvious reasons why failure to accelerate the movement of freight by attaching freight cars to passenger trains should not be held culpable negligence, and there is here no evidence of other or faster freight trains by the aid of which the destination of plaintiffs' car could have been sooner reached. It is true that the train taking the car west from Galesburg could have taken it to the junction point at Osceola, Iowa, on the evening of May 6th, instead of leaving it to be picked up by succeeding trains which brought it to said junction the following morning, but the movement of the car south from Osceola would not thereby have been hastened for the only connecting train did not leave there until about noon of May 7th, nor would it have been sooner forwarded out of Van Wert, the last junction point.

The charge of negligence made by the plaintiffs appears, therefore, to be without evidence to support it, and it follows that the judgment appealed from must be, and it is, *reversed*.