ST. LOUIS & S. F. R. CO. v. DREYFUS et al.

No. 3280.   Opinion Filed June 23, 1914.

(141 Pac. 773.)

1.   CARRIERS — Damages to Shipment—Proximate Cause—Act of God. An act of God, such as a severe blizzard and snowstorm, which will excuse a carrier from liability for loss, must not only be the proximate cause of the loss, but it must be the sole cause, and though the loss may have been caused by an act of God, yet if the negligence of the defendant commingles with such act of God as an efficient contributing concurrent cause, and it appears from the evidence and the circumstances of the case that such injury would not have occurred except for such negligence, the company will be liable.

St. Louis & S. F. R. Co. v. Dreyfus et al.

2.  **SAME—Burden of Proof—Negligence.** In an action for damage occasioned by a delay in shipment, the burden is upon the plaintiff to make out a prima facie case that the shipment was delivered to the carrier in good order and received from the carrier in a damaged condition; and where the carrier denies liability because such loss was occasioned by an act of God, the burden is upon the carrier to show that such loss was the proximate result of the act of God, but, when this is done, the burden then shifts to the shipper to show that negligence on the part of the carrier co-operated with the act of God in bringing about the damage to the shipment.

3.  **SAME—Proximate Cause—Question for Jury.** Where a carrier seeks to avoid liability for loss on account of a snowstorm, and there is conflicting testimony as to whether such carrier, notwithstanding such snowstorm, could, by the exercise of ordinary care or reasonable efforts, have prevented the loss, it is proper to submit such issue of fact to the jury.

4.  **SAME—Instructions.** An instruction "that the burden of proof is upon the defendant to satisfy the jury by its evidence, not only that the loss sustained by the plaintiff * * *" was occasioned by the act of God, but also that "the defendant exercised due care and diligence in the performance of its duty and was not in any manner negligent in doing or omitting to do any act that might have averted the loss," such instruction being unqualified or unmodified by other instructions, is an erroneous statement of the law.

(Syllabus by Harrison, C.)

*Error from County Court, Tulsa County;*
*N. G. Gubser, Judge.*

Action by Henry M. Dreyfus and others, doing business as Dreyfus Bros., against the St. Louis & San Francisco Railroad Company, for damages. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*H. B. Martin, Charles E. Bush,* and *John Y. Murry, Jr.,* for defendants in error.

Opinion by HARRISON, C. This is an appeal from a judgment rendered upon two separate causes of action based upon an alleged negligence in delivery of two separate shipments of bananas. There was no separate finding as to liability in each shipment, but a general verdict in the sum of $314.12 was found

in favor of plaintiffs below. The grounds for reversal arose from the issues involved in the first cause of action, which was based upon the allegation that, by the careless and negligent failure to deliver a car of bananas, the fruit became frozen and damaged to the amount sued for. The carrier defended on the ground that the damage was not the result of the carrier's negligence, but was the result of a severe snowstorm which froze and blocked up the switches and covered the tracks to such an extent that the car could not be delivered sooner than it was. The facts are that the car of fruit arrived at Tulsa between seven and eight o'clock on the evening of the 15th of February; that during the night of the 15th a blizzard and snowstorm came up and the weather turned severely cold; that the blizzard raged throughout the day and night of the 16th, and the car was not set at plaintiffs' warehouse until the 17th.

The carrier maintained that it was prevented from making the delivery by the severity of the storm and invokes the doctrine of nonliability, where damages are the result of an act of God, citing an extended list of authorities in support of this contention. We find no fault with the authorities cited. We believe the settled rule to be that a carrier is not liable for damages resulting solely from an act of God, and this rule is followed by many authorities, even where the carrier was guilty of negligence prior to the act of God. But this rule is not applicable to the facts in the case at bar.

The decisive issue of fact in this case was whether the storm was in fact so severe that the carrier could not have set the car at plaintiffs' warehouse on the 16th, and thereby averted the loss. The plaintiffs introduced testimony that a switch engine was seen operating and switching in the yards during the day of the 16th. The defendant admitted that it operated passenger trains during the day, but contended that the switches were so badly frozen and covered up with snow that they did not move any of the freight cars on the 16th. There was testimony also that it was equally as cold or colder on the 17th than on the 16th, and the car was delivered on that day. Under these circumstances, there was sufficient issue of fact to go to the jury as to whether or not

the carrier, by ordinary care or reasonable efforts, could have prevented the injury, notwithstanding the snowstorm, and the court was not in error in refusing to give a peremptory instruction in favor of the railroad. This court in *M., K. & T. Ry. Co. v. Johnson,* 34 Okla. 582, 126 Pac. 567, held:

"An act of God, such as an unprecedented rainfall and resulting flood, which will excuse from liability, must not only be the proximate cause of the loss, but it must be the sole cause. If, however, the injury is caused by an act of God, commingled with the negligence of the defendant, as an efficient and contributing concurrent cause, and the injury would not have occurred except for such negligence, the company will be liable."

The same doctrine is followed in *C., R. I. & P. Ry. Co. v. McKone,* 36 Okla. 41, 127 Pac. 488, 42 L. R. A. (N. S.) 709.

We think the facts that the company was operating passenger trains, and the testimony that a switch engine was seen operating in the yards during the day of the 16th, and the fact that the car was delivered on the 17th, which it is admitted was colder than the 16th, were sufficient to raise the issue as to whether the carrier, by the exercise of reasonable efforts, could have delivered the fruit on the 16th, and that it was not improper to submit such issues to the jury.

But the court, in paragraph 6 of its charge, instructed the jury as follows:

"The court instructs the jury that the burden of proof is upon the defendant to satisfy the jury by its evidence, not only that the loss sustained by the plaintiff in its first cause of action was occasioned by the act of God, but also that the defendant exercised due care and diligence in the performance of its duty and was not in any manner negligent in doing or omitting to do any act that might have averted the loss."

This instruction was excepted to by defendant and presented as grounds for reversal in the original brief of the company, but the error in this instruction was overlooked in the original opinion in which the judgment of the lower court was affirmed. But in the petition for rehearing the error contended for therein is pointed out with more clearness and argued with more force, and, upon reconsideration of this instruction, we believe the contention of plaintiff in error should be sustained. This instruction

unqualifiedly places the burden upon the defendant to satisfy the jury that the loss was occasioned by an act of God, and to further satisfy them that the loss could not have been averted by the exercise of all due care and diligence. The burden was not on the defendant until plaintiffs had made a *prima facie* case which, without further proof, would have entitled them to recover. And the question of defendant's negligence in failing to deliver the car on the 16th being a close question of fact, it is readily seen that the jury could have been easily misled by the foregoing instruction, especially so since it was unqualified by any other paragraph in the charge. The correct rule as to the burden of proof in such cases is stated by this court in *Armstrong, Byrd & Co. v. Ill. Cent. R. Co.*, 26 Okla. 352, 109 Pac. 216, 29 L. R. A. (N. S.) 671, wherein the principal question was the burden of proof. The court in the syllabus, after defining what constitutes a *prima facie* case, says:

"(a) The carrier, by proving the damage was due entirely to the flood or act of God, overcomes such *prima facie* case, and the burden shifts to the shipper, then, to show that negligence on the part of the carrier co-operated with the act of God in bringing about the damage to the shipment, in order to recover."

For the error contained in the above instruction, the former opinion, affirming the judgment, is withdrawn, and this one filed instead, and the judgment reversed, and the cause remanded.

By the Court: It is so ordered.