PEARSON, Judge.
The plaintiff in the trial court appeals from a summary final judgment entered in her action against the appellees for the alleged wrongful death of her husband which occurred as a result of an automobile collision.
Appellee McClain was employed by ap-pellee American Supply Corporation. Mr. McDermott, appellant’s deceased, was a manufacturer of surgical equipment which was distributed by the appellee corporation and sold by McClain. McClain was driving a car in the scope of his employment. McDermott was with him. Both men had been demonstrating McDermott’s equipment at various hospitals.
While driving west on N.W. 3rd Street in the City of Miami, McClain stopped at the stop sign at N.W. 22nd Avenue. He then proceeded into the intersection and started to turn right (north). As he was approximately “halfway around the turn”, “the car started to splutter.” McClain coasted to the right lane of northbound traffic on 22nd Avenue and stopped at the curb. The car was out of gasoline. An ordinance of Metropolitan Dade County prohibits parking on N.W. 22nd Avenue. McClain guessed that each of the two northbound lanes of 22nd Avenue was about twelve feet wide and his car about five and a half feet wide.
McDermott volunteered to get gasoline from a nearby station. He obtained gasoline and returned with an attendant. The attendant had difficulty in pouring the gasoline into the tank. McDermott tried to help him. Both McDermott and the attendant were at the rear of McClain’s car. They were struck by another car (whose driver is not a party to this appeal). Mc-Dermott was killed.
The circuit court found
“ * * * after construing the case in its most favorable light to the Plaintiff, that there is no casual relation between any act or omission claimed by the Plaintiff against the Defendants, and the accident sustained by the deceased, and the loss sustained by the said Plaintiff, and the Defendants are therefore entitled to a Summary Final Judgment as a matter of law.”
It is apparent that the trial judge recognized that the issue of negligence was present but that he determined it was not a genuine issue because McClain’s negligence, if any, did not cause the harm complained of. In urging affirmance the appellees argue that if McClain was negligent, he could not have anticipated the actions of the driver of the second car, who, according to the uncon- *396 tradicted proofs submitted, was under the influence of alcohol at the time his car struck and killed McDermott.
 Liability of a negligent person is not predicated upon his ability to foresee the exact series of events which culminates in injury to another. Liability is predicated, rather, upon the ability of a negligent person to foresee that his wrongful conduct might result in the type of harm which did in fact take place. See Mozer v. Semenza, Fla.App.1965, 177 So.2d 880. The kind of harm McClain should have guarded against was such harm as actually occurred. Under these circumstances the issue of negligence was for the jury to determine. See Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911, 920 (1938).
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
BARKDULL, J., dissents.