CARLTON, Justice.
This is a negligence case. The District Court of Appeal, Third District, in an opinion reported at 220 So.2d 394, reversed a Circuit Court, Dade County, summary final judgment in favor of petitioner-defendant. One District Court Judge dissented.
The facts are these. Petitioner was in the hospital supply business. Respondent’s husband, now deceased, manufactured a surgical implement. Petitioner and the deceased were driving around the City of Miami for the purpose of discussing the implement with various hospital officials. Petitioner was at the wheel when, as he was negotiating a turn onto a four-lane highway, the engine began to sputter. The car was out of gas. Petitioner completed the turn and brought the car to rest at the curb as if he were normally parking the car. It was early afternoon, traffic was very light and it was a clear day.
The deceased volunteered to get gasoline from a nearby station. When the deceased returned, he was accompanied by a young station attendant. The deceased stood on the sidewalk, and petitioner remained in the car, while the attendant attempted to pour gas in the tank. The attempt was clumsy. The deceased stepped off the sidewalk and volunteered to assist the attendant. A minute or two later, as the deceased was pouring gas, an automobile driven at a high rate of speed by a man who had been drinking crashed into *162 the rear of the car, f-atally injuring the deceased.
The deceased’s widow filed a complaint in the Circuit Court under Fla.Stats. §§ 768.01 and 768.02, F.S.A., in which she alleged in part that:
“[Wjhile in the course and scope of his employment * * * [petitioner] did negligently and carelessly operate, maintain and control his motor vehicle, and did further negligently and carelessly and in violation of the Metropolitan Ordinances of Dade County, Florida, park his vehicle on a thoroughfare, and stopped said vehicle on a through street.
“6. That while attempting to assist the Defendant, HOWARD P. McCLAIN, in placing gasoline into the automobile, the said EDWARD B. McDERMOTT, deceased, was struck by another automobile causing his death.
“7. That as a direct and proximate result of the negligence of the Defendants, EDWARD B. McDERMOTT, was injured in and about his head, neck, back, body limbs and nervous system, and said injuries were so severe as to cause the death of said EDWARD B. McDER-MOTT.”
The Circuit Court found
“[A]fter construing the case in its most favorable light to the Plaintiff, that there is no causal relation between any act or omission claimed by the Plaintiff against the Defendants, and the accident sustained by the deceased, and the loss sustained by the said Plaintiff, and the Defendants are therefore entitled to a Summary Final Judgment as a matter of law.”
The majority of the District Court reversed, holding that
“[The] liability of a negligent person is not predicated upon his ability to foresee the exact series of events which culminates in injury to another. Liability is predicated, rather, upon the ability of a negligent person to foresee that his wrongful conduct might result in the type of harm which did in fact take place. See Mozer v. Semenza, Fla.App.1965, 177 So.2d 880. The kind of harm McClain [petitioner] should have guarded against was such harm as actually occurred. Under these circumstances the issue of negligence was for the jury to determine.”
We cannot agree with the District Court. We view summary judgments with special scrutiny and generally favor a jury determination when allowable. See, e. g., Hodges v. Helm, 222 So.2d 418 (Fla.1969). In the instant case, however, we think summary judgment was proper. See Cone v. Inter County Tel. & Tel. Co., 40 So.2d 148 (Fla.1949); Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26 (1939); Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467, L.R.A.1916P, 982 (1915).
The decision reviewed is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, DREW and BOYD, JJ., concur.
ERVIN, C. J., and THORNAL and ADKINS, JJ., dissent.