PER CURIAM.
This is an appeal from an order granting defendant/appellee’s motion for final summary judgment.
Appellant Brooks lives several hundred yards from L & N’s tracks and roadbeds. As a result of a derailment and toxic chemical leak, he and his family were forced to evacuate his premises. While away his house was burned to the ground by a fire of unknown origin. He filed suit alleging that he was evacuated as a result of the derailment; that his home burned while he was away; and that, as a result of L & N’s negligence causing the derailment, he incurred the losses.
L & N filed a motion for summary judgment arguing that appellant’s injuries were not reasonably foreseeable by L & N nor a foreseeable consequence of the acts alleged in the complaint. The trial court granted summary judgment for L & N.
Appellant argues here that even if the damages resulting from his house burning were not reasonably foreseeable, it was reasonably foreseeable that appellant might have to evacuate as a result of the derailment and gas leak. Therefore, the court was in error in granting summary judgment as to appellant’s expenses incurred as a result of the forced eviction and evacuation. The complaint, however, does not claim eviction expenses but asserts only the loss by fire and that he “incurred heavy expenses on account of his losses.” With respect to his loss by fire, we conclude that the summary judgment is not in error as a matter of law because the sole affidavit in support of the claim states no other facts material to the issue of proximate cause except that the alleged negligent derailment and resulting evacuation deprived him of the opportunity of preventing the fire or putting it out. The fire itself was in these circumstances properly regarded as an unforeseeable independent intervening cause of consequences for which appellee, under controlling law fully articulated by earlier opinions in this jurisdiction, does not have liability. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960).
The judgment is accordingly affirmed.
MILLS, WENTWORTH and THOMPSON, JJ., concur.