472 So.2d 784 (1985)
Cleopatra Gayle ANGLIN and Thomas P. Anglin, Her Husband, Appellants,
v.
STATE OF FLORIDA DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, Appellee.
Cleopatra Gayle ANGLIN and Thomas P. Anglin, Her Husband, Appellants,
v.
SEABOARD COAST LINE RAILROAD COMPANY, Appellee.
Nos. AT-276, AT-277.
District Court of Appeal of Florida, First District.
July 2, 1985.
Rehearing Denied August 7, 1985.
*786 Bill Whitaker and Karl Koepke of Whitaker & Koepke, Orlando, for appellants.
Ronald W. Brooks of Brooks, Callahan & Phillips, Tallahassee, and DuBose Ausley and William M. Smith of Ausley, McMullin, McGehee, Carothers & Proctor, Tallahassee, for appellees.
ZEHMER, Judge.
In these consolidated personal injury cases, plaintiffs below appeal a final summary judgment, contending the trial court erred in ruling as a matter of law that appellees were insulated from liability by unforeseeable independent intervening causes. We reverse.
On the night of September 3, 1979, Cleopatra Anglin, her husband, and her brother were traveling through drizzling rain in a 1965 Chevrolet pickup truck. Upon crossing a Seaboard Coastline Railroad track on Alternate U.S. 27 in rural Polk County, they unexpectedly hit an accumulation of water that covered both lanes of travel and was approximately six inches deep. The truck motor was doused with water, sputtered for some distance after hitting the pool of water, and then died. The Anglins attempted to start the motor by pushing the truck down the road and then "popping" the clutch once the truck reached a moderate speed. Approximately fifteen minutes after their truck hit the water, during which time they attempted in vain to push-start the truck several times, a car driven by Edward DuBose passed the Anglin truck heading in the opposite direction. A short distance after passing the truck, which was still on the road and, according to some witnesses, still being pushed, Mr. DuBose turned his car around and headed back toward the truck to render assistance. Unfortunately, Mr. DuBose failed to timely see the truck, hit his brakes, slid into the rear of the truck, and pinned Mrs. Anglin between the two vehicles, causing injury resulting in amputation of both legs. The distance between the pool of water and the accident scene was estimated by some witnesses as approximately 200 yards, by others up to three-tenths of a mile.
On February 16, 1981, Mrs. Anglin and her husband filed a complaint against the state Department of Transportation and Seaboard Coastline Railroad Company, alleging negligence in the design and maintenance of the road and railroad tracks by allowing the accumulation of water on the roadway immediately adjacent to the railroad tracks. Defendants filed a motion for summary judgment and, in addition to numerous depositions already taken, plaintiffs filed affidavits in opposition to the motion. A final summary judgment in favor of the defendants was entered on June 9, 1983, upon the trial judge's ruling as a matter of law that the actions of the plaintiffs in attempting to push-start their disabled pickup truck and the actions of Mr. DuBose in negligently losing control of his car and colliding with the plaintiffs' truck were independent, efficient intervening causes of the accident that were unforeseeable by the defendants, thereby breaking the chain of causation between the purported negligence of the defendants and the injury.
As a general rule, a tort feasor is liable for all damages proximately caused by his negligence. The term "proximate cause" (or "legal cause," in the language of the standard jury instructions) consists of two essential elements: (1) causation in fact, and (2) foreseeability. See generally, 38 Fla.Jur.2d, Negligence, §§ 29-48. Causation in fact is often characterized in terms of a "but for" test, i.e., but for the defendant's negligence, the resulting damage would not have occurred. In the present case, there is no question as to causation in fact because "but for" the defendants' alleged negligence in causing *787 the pooling of water on the highway, there would have been no accidental stopping of plaintiff's truck and resulting injury.[1]
The second element of proximate cause, foreseeability, is, unlike causation in fact, a concept established through considerations of public policy and fairness whereby a defendant whose conduct factually "caused" damages may nevertheless be relieved of liability for those damages. Thus, proximate cause may be found lacking where the type of damage or injury that occurred is not within the scope of danger or risk created by the defendant's negligence and, thus, not a reasonably foreseeable result thereof. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980); Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960); Padgett v. West Florida Electric Cooperative, Inc., 417 So.2d 764 (Fla. 1st DCA 1982). It is not necessary, however, that the defendants "be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur"; all that is necessary to liability is that "the tort feasor be able to foresee that some injury will likely result in some manner as a consequence of his negligent acts." Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA 1981). Accord, Padgett v. West Florida Electric Cooperative, Inc., supra; Braden v. Florida Power & Light Co., 413 So.2d 1291 (Fla. 5th DCA 1982). In the instant case, it cannot be said as a matter of law that an injury to plaintiff was not within the scope of danger or risk arising out of the alleged negligence. In the field of human experience, one should expect that negligently permitting a pool of water on an open highway would likely pose a substantial hazard to motorists because a vehicle crashing unexpectedly into the water is likely to experience a stalled motor or other difficulty causing the vehicle to stop on the highway, thereby subjecting its occupants to the risk of injury from collision by other cars. Gibson v. Avis Rent-A-Car System, Inc., supra.
Proximate cause may be found lacking, however, where an unforeseeable force or action occurring independently of the original negligence causes the injury or damage. This force or action is commonly referred to as an "independent, efficient intervening cause." Gibson v. Avis Rent-A-Car System, Inc., supra. For the original negligent actor to be relieved of liability under this doctrine, however, the intervening cause must be "efficient," i.e., truly independent of and not "set in motion" by the original negligence. Gibson v. Avis Rent-A-Car System, Inc., supra; Loftin v. McCranie, 47 So.2d 298 (Fla. 1950); Sardell v. Malanio, 202 So.2d 746 (Fla. 1967); Braden v. Florida Power & Light Co., supra. The trial court's ruling that the conduct of the plaintiffs in pushing their truck down the road was an independent, efficient intervening cause of the accident was error because the existence of the pool of water set into motion the plaintiffs' subsequent actions in attempting to restart the motor that was stalled by driving through the water. These actions, having been "set in motion" by defendants' negligence, did not constitute an independent, efficient intervening cause. Whether the plaintiffs' conduct was negligent and caused the injury should be submitted to the jury under appropriate instructions on comparative negligence.
The trial court correctly characterized Mr. DuBose's negligent operation of his car as an independent intervening cause. The negligent pooling of water did not cause Mr. DuBose to negligently operate his vehicle into collision with the plaintiffs.[2] The trial court erred, however, in ruling as a matter of law that such intervening cause warranted entry of summary *788 judgment for defendants. If an intervening cause is reasonably foreseeable, the negligent defendants may be held liable. Gibson v. Avis Rent-A-Car System, Inc., supra; Padgett v. West Florida Electric Cooperative, Inc., supra. Whether an intervening cause is foreseeable is ordinarily for the trier of fact to decide. Id.; Crislip v. Holland, supra. Only if reasonable persons could not differ as to the total absence of evidence to support any inference that the intervening cause was foreseeable may the court determine the issue as a matter of law. Padgett, 417 So.2d at 768; Overby v. Wille, 411 So.2d 1331, 1332 (Fla. 4th DCA 1982). In the circumstances of this case (the night was dark, it was raining, and the collision occurred in a rural area where traffic customarily moves rapidly), had DuBose come on the scene and collided with plaintiffs' stalled truck immediately after plaintiffs hit the pooled water, the question of foreseeability of that occurrence would most assuredly present a jury issue. The fact that plaintiffs attempted to push-start their stalled truck for approximately fifteen minutes and that Mr. DuBose collided with it while attempting to stop and provide assistance does not change this jury issue to a question of law. The plaintiffs' exposure to danger was created by defendants' negligence, and the fact that a collision might occur while plaintiffs were extricating themselves from such danger up to fifteen minutes later presents a jury issue on foreseeability. Gibson v. Avis-Rent-A-Car System, Inc., supra; Loftin v. McCranie, supra. That is so because the defendants need not have notice of the particular manner in which an injury would occur; it is enough that the possibility of some accidental injury was foreseeable to the ordinarily prudent person. Crislip v. Holland, 401 So.2d at 1118.
REVERSED and REMANDED.
ERVIN, J., concurs.
BOOTH, C.J., dissents.
BOOTH, Chief Judge, dissenting:
We should affirm the summary judgment entered below based on lack of proximate cause. The chain of events here between alleged negligent act and injury is too attenuated and is broken, in fact, by the independent, intervening actions of others.
For the purpose of this appeal, we assume that defendants were negligent in maintaining a depression on a rural roadway, a depression which, in the aftermath of Hurricane David, was filled with six inches of water. It would be foreseeable that a driver who unexpectedly traversed such a depression in the road could lose control of his vehicle, causing an accidental injury to himself or others. Stalling and the immediate consequences thereof are also not unforeseeable. Other results of the puddle could be termed as "foreseeable" in a philosophical, but not a legal, sense. For example, the disabled vehicle could have been struck by lightning, or the occupants could have been robbed or become ill but unable to seek medical care. In each instance, it could be said that, but for the stalling of their car caused by the defendant these subsequent events would not have occurred. Although there would be cause and effect relationship, such consequences would generally not be within the scope of the risk created by the negligent party who caused the vehicle to become immobile. The law does not impose liability because of the concept of "proximate cause," as stated in Prosser and Keeton:[1]
In a philosophical sense, the consequences of an act go forward to eternity, and the causes of an event go back to the dawn of human events, and beyond. But any attempt to impose responsibility upon such a basis would result in infinite liability for all wrongful acts, and would "set society on edge and fill the courts with endless litigation." As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such *789 significance that the law is justified in imposing liability. Some boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy.
Therefore, I would agree with the majority that there could be a jury question as to causation in fact. But, as to proximate cause, in this case at least, the principle is one of law. In the Prosser and Keeton treatise, it is stated:[2]
Once it is established that the defendant's conduct has in fact been one of the causes of the plaintiff's injury, there remains the question whether defendant should be legally responsible for the injury. Unlike the fact of causation with which it is often hopelessly confused, this is primarily a problem of law. It is sometimes said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible. But both significance and importance turn upon conclusions in terms of legal policy, so that they depend essentially on whether the policy of the law will extend the responsibility for the conduct to the consequences which have in fact occurred. Quite often this has been stated, and properly so, as an issue of whether the defendant is under any duty to the plaintiff, or whether the duty includes protection against such consequences.
In the instant case, the Anglins testified that, after passing through the puddle of water, the engine sputtered and the vehicle was pulled to the side of the road as it came to a stop. At that point, the vehicle was off the road, and there were no injuries. The further events which occurred should not be charged to the act of defendants in allowing a rain-filled depression in the roadway. The Anglins testified that, after some minutes off the road, plaintiffs pushed the truck back onto the roadway and endeavored to push the vehicle down the road on that dark and rainy night.
At this point entered the next intervening force in the form of one Mr. Dubose, who passed, going in the opposite direction, and slowed to ask if plaintiffs would like help. Dubose then continued down the road some short distance and, as plaintiffs testified, "slammed on brakes, slid like and spun around," approached the plaintiffs' vehicle from the rear, and "with the engine roaring" and at a speed approaching 40 miles per hour, slammed into the back of plaintiffs' truck, striking and seriously injuring Mrs. Anglin. The conduct of Dubose can only be considered gross negligence.
Factually close to the instant case is Metro Dade County v. Colina, 456 So.2d 1233 (Fla. 3d DCA 1984), review denied 464 So.2d 554 (Fla. 1985).[3] In that case stormy weather had caused power outages. Traffic lights were not functioning at the street intersection where the accident occurred. Plaintiff's decedent was riding in a van which tried to make it through the intersection but was hit by a car that also did not stop at the intersection. In a suit against the driver of the car and against the county, the jury returned a verdict against both. The District Court of Appeal reversed as to the County holding that the trial court erred in failing to direct a verdict since the County's negligence, though a cause in fact, was not a proximate cause of the passenger's death. The District Court held (456 So.2d at 1235):
"Any negligence on Dade County's part simply provided the occasion for the actions of Masferrer and Colina, [drivers of car and van, respectively] which together were the proximate cause of Mrs. Colina's death."
The issue, then, is the scope of the legal duty to protect the plaintiff against intervening *790 causes which are possible but not probable. Guice v. Enfinger, 389 So.2d 270, 272 (Fla. 1st DCA 1980). As posed by Prosser and Keeton, supra, does defendant's duty include protecting plaintiff against these consequences? Plaintiff's injury occurred more than a quarter of an hour after, and three-tenths of a mile down the road from, the puddle. The accident occurred after, and as the result of, negligence of others, each acting independently of defendants.
The law does not impose unlimited liability for all consequences that may result from a puddle of water on the road. This case should illustrate that principle. The trial court correctly held that the injury occurring was not within the scope of the danger attributable by law to defendants' conduct, and should be affirmed.
NOTES
[1] The defendants' negligence in permitting the pooling of water is not an issue on this appeal. The trial court did not find, nor have appellees argued to us, that there was a complete absence of any factual dispute warranting the entry of summary judgment for either side on this issue.
[2] The result would be otherwise if, for example, Mr. DuBose had driven through the pool of water and failed to stop because his brakes became wet and ineffective.
[1] Prosser and Keeton, TORTS 264 (5th ed.).
[2] Id. at 272-73.
[3] See also: McClain v. McDermott, 232 So.2d 161 (Fla. 1970); Brooks v. Louisville and Nashville Railroad Company, 411 So.2d 262 (Fla. 1st DCA 1982); Banat v. Armando, 430 So.2d 503 (Fla. 3d DCA 1983); Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961); Pope v. Cruise Boat Company, Inc., 380 So.2d 1151 (Fla. 3d DCA 1980); Guice v. Enfinger, 389 So.2d 270, 272 (Fla. 1st DCA 1980); Jenkins v. City of Miami Beach, 389 So.2d 1195 (Fla. 3d DCA 1980).