BOOTH, Chief Judge.
This cause is before us on appeal and cross appeal from a final judgment in a suit for contribution. The jury returned a verdict, finding the appellants 25 percent negligent, and appellee 75 percent negligent in causing damages arising from a series of multiple vehicle collisions.
On appeal, appellants contend that the trial court erred in refusing to grant its motions for directed verdict based on the doctrine of intervening cause. Appellee has cross appealed, contesting the trial court’s denial of prejudgment interest.
The incidents giving rise to this suit for contribution were a series of vehicular collisions occurring at night on a stretch of Highway 1-95, where visibility was extremely poor due to dense fog and/or smoke. The first accident occurred when appellants’ tractor-trailer rear-ended a vehicle that had slowed because of the fog. The resulting impact caused the 38,000 pounds of wallboard being carried by the tractor-trailer to be spread across the highway. Both vehicles, however, came to rest off the right side of the roadway, and the roadway itself remained passable, but only by driving over the wallboard. Appellants’ driver did not put out any warning flares, although he did walk back down the road and attempt to speak to drivers approaching from the rear.
Three minutes after the original collision, Mr. Malone pulled his vehicle partially off the left side of the southbound roadway and stopped, apparently without reaching the strewn wallboard. Mr. Snell then stopped his car directly behind Mr. Malone’s and was subsequently rear-ended into Malone’s vehicle by a tractor-trailer driven by Mr. Lynch. This was collision number two. Next, a truck driven by Mr. Clark spotted the tractor-trailer involved in the second accident and stopped in time behind the trailer, but in the right lane. Mr. Kendrick then stopped his tractor-trailer rig behind Mr. Clark’s truck in the right lane and was rear-ended by appellee’s tractor-trailer. The impact of the third collision thrust all three trucks together. A fourth collision occurred within 30 seconds when Mr. Branscomb’s car collided with the rear of appellee’s trailer.
Various suits were filed against appellee, who then filed a third-party complaint seeking contribution from appellants as joint tortfeasors for sums due on the claims and counterclaims.
The issue raised on appeal is whether the trial court erred in not directing a verdict because the evidence established an intervening cause which relieved appellants of any liability for their negligence. The intervening cause asserted is the action of Mr. Malone, who testified that his stopping was due to lack of visibility and not because he saw or was aware of the accident ahead. It is urged that this negligent act broke the chain of causation, and well it might have if that were the end of it. *179 However, there is evidence in the record from which the jury was entitled to find that before the subsequent collisions occurred, Malone did become aware of the accident in front of his vehicle and of the debris strewn across the road, and refused to drive his car on past. Thus, Malone’s original stopping was due to causes unconnected with the accident involving appellants, but his remaining in the hazardous position on the road was due to the accident and could be found to be a reasonably foreseeable result of the original negligence.
An additional basis for upholding the trial court’s refusal to direct the verdict was the negligence of the driver of appellants’ truck and trailer in not putting out warning flares required by federal rules. Had such flares been put out, the second, third, and fourth accidents could arguably have been averted.
An intervening cause absolves the original tortfeasor of liability only when it is wholly independent and unforeseeable, and generally presents a question for the jury. Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520, 522 (Fla.1980), citing Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla.1977); Anglin v. State of Florida Department of Transportation, 472 So.2d 784, 787 (Fla. 1st DCA 1985); Exchange Bank of St. Augustine v. Florida National Bank of Jacksonville, 292 So.2d 361, 363 (Fla. 1st DCA 1974); et al. The trial court did not err in submitting the case to the jury.
The issue raised on cross appeal, whether it was error to deny appellee prejudgment interest, is controlled by Argonaut Insurance Company v. May Plumbing, 474 So.2d 212, 215 (Fla.1985), holding that prejudgment interest is merely another element of pecuniary damages, the computation of which is purely a ministerial duty of the trial court or clerk of the court requiring no findings of fact once a verdict has liquidated damages as of a date certain, and by Bergen Brunswig Corporation v. Department of Health and Rehabilitative Services, 415 So.2d 765, 767 (Fla. 1st DCA 1982), holding that “for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date.” The parties stipulated to the amount of property damage and agreed that if prejudgment interest were to run, it should run as of March 17, 1981. At that time, the interest rate was set by Section 687.01, Florida Statutes (1981), at six percent per annum. Thus, once the verdict was returned in this case, the trial court was precluded from denying prejudgment interest.[1] As to that portion of the damages (25 percent) allocated to appellants by the jury verdict, prejudgment interest shall be awarded appellee at a rate of six percent per annum from March 17, 1981, to the date of final judgment.
Accordingly, the judgment is affirmed in part, reversed in part, and remanded for award of prejudgment interest.
SMITH and WENTWORTH, JJ., concur.

. A.R.A. Services, Inc. v. Pan Am World Airlines, Inc., 474 So.2d 396 (Fla. 3d DCA 1985).