642 So.2d 49 (1994)
John D. TOWNSEND and Mary D. Townsend, His Wife, Appellants,
v.
WESTSIDE DODGE, INC., a Florida Corporation; M & L Motors of Jax, Inc., a Florida Corporation; and City of Jacksonville, a municipal corporation of the State of Florida, Appellees.
No. 93-382.
District Court of Appeal of Florida, First District.
August 22, 1994.
Tyrie A. Boyer of Boyer, Tanzler & Boyer, P.A., Jacksonville, for appellants.
Carle A. Felton, Jr. of Boyd & Jenerette, P.A., Brent Shore of Tromberg, Shore, Harrison & Safer, Jacksonville, for Westside Dodge, Inc.
*50 Frank W. Hession and Robert B. Guild of Matthews & Hession, Jacksonville, for M & L Motors of Jax, Inc.
David C. Carter and Brian M. Flaherty, Asst. Gen. Counsel, for City of Jacksonville, for appellees.
ERVIN, Judge.
Mary and John Townsend, plaintiffs below in a personal-injury action for damages, appeal the dismissal of one count of their amended complaint alleging false imprisonment and the entry of the final summary judgment as to their count alleging negligence, in favor of Westside Dodge.[1] We affirm the dismissal, as there was no showing that Westside Dodge actively participated in procuring the detention of the plaintiff, Mary Townsend,[2] but reverse the final summary judgment, because disputed issues of material fact exist, and remand for further proceedings.
M & L Motors of Jax, Inc., sold a used car to Westside Dodge in February 1991, with a magnetic metallic dealer's tag affixed. Shortly thereafter, M & L discovered that the tag was no longer on the car and so notified Westside Dodge, which responded that it was unable to locate the tag. Consequently, M & L reported that the tag was missing to the police, who in turn logged the tag as "stolen" rather than "lost."[3] Approximately ten days after the tag was initially mislaid, the Townsends purchased a used van from Westside Dodge, which had on it two tags  both the missing M & L dealer tag and a temporary paper tag.[4] Mary Townsend was unaware that the dealer tag had been placed on the van. Later that evening, city police stopped Townsend's vehicle when they observed the two tags on it. Upon receiving a radio communication that the metallic tag had been stolen, an officer at the scene arrested Townsend and handcuffed her, aggravating an injury to her left shoulder.
The basis of the trial court's grant of summary judgment was that the Townsends' alleged damages stemmed from the unforeseeable, intervening act of the city police, who arrested Mrs. Townsend as a result of their erroneous belief that the tag had been stolen rather than lost. We cannot agree with the court's rationale. An intervening cause relieves a tortfeasor from liability only if it is completely independent of, and not in any way set in motion by, the tortfeasor's negligence. Waters v. ITT Rayonier, Inc., 493 So.2d 67, 68 (Fla. 1st DCA 1986). The intervening cause must be unforeseeable, and the issue of foreseeability is typically for the trier of fact to decide. Id. It is not necessary for the initial tortfeasor to foresee the exact nature of the ensuing injury or the precise manner in which it occurs, as long as he or she is able to foresee that some injury is likely to result in some manner as a consequence of the negligent act. Id. at 69. "Another way of stating the question whether the intervening cause was foreseeable is to ask whether the harm that occurred was within the scope of the danger attributable to the defendant's negligent conduct." Gibson v. Avis Rent-A-Car Sys., Inc. 386 So.2d 520, 522 (Fla. 1980).
In the case at bar, some evidence was submitted that M & L had informed Westside Dodge that M & L may have mislaid a dealer tag on an automobile it sold to Westside Dodge, and that the automobile was on the latter's premises. Accordingly, it is a disputed-fact issue whether Westside's failure to find the misplaced tag on a vehicle located on its lot caused M & L to decide to *51 notify the police that its tag was missing. As Westside Dodge allowed Mary Townsend to leave its premises with two tags on the rear of her newly purchased van, a jury could reasonably find that Westside Dodge set in motion a series of events culminating in the stop of Townsend's vehicle in order for the police to ascertain why the van bore two tags. Under the circumstances, the action of the police in both detaining and arresting the driver until it was determined whether the tag was lost or stolen is reasonably within the scope of the danger that could result from Westside's negligent act.
We AFFIRM the dismissal of that count of appellants' amended complaint claiming damages against Westside Dodge for false imprisonment, REVERSE the final summary judgment entered in favor of Westside Dodge on the negligence count, and REMAND for further proceedings consistent with this opinion.
KAHN, J., and REYNOLDS, GEORGE S. III, Associate Judge, concur.
NOTES
[1] The Townsends' claims against the other appellees are unaffected by the lower court's disposition of the two counts against Westside Dodge and remain pending below.
[2] See Pokorny v. First Fed. Sav. & Loan Ass'n of Largo, 382 So.2d 678, 681 (Fla. 1980).
[3] It remains in dispute whether M & L indicated the tag was stolen, or whether the police construed the report in that manner.
[4] Westside Dodge conceded at oral argument that it was negligent in permitting the van to leave the lot with two tags. Section 320.271, Florida Statutes (1989), requires a seller of a used vehicle to remove any existing registration license plate before transferring ownership and delivering it. Its argument in defense of the summary judgment is, however, whether its negligence can be said to be the proximate cause of plaintiffs' damages.